REDMANN, Judge.
A 15-year-old, insured by defendant under the “family liability” coverage of his mother’s homeowner’s policy, lost while playing football a $15,000 diamond ring he had taken to show to his mother. The plaintiff owner of the ring is the child’s father, the mother’s divorced husband. The insurer appeals from a judgment for the ring’s value plus $5,000 for mental anguish. We eliminate the latter award as unsupported by any substantial evidence but otherwise affirm.
The insurer argues over whether the divorced father or the custodial mother should be vicariously liable for the child during the child’s visits to the father (on one of which the child took the ring). But that question is immaterial because it is not only the mother (the custodial parent) who is an insured, but any resident relative of herself or her spouse. Thus the child is an insured and the insurer is liable for his (non-intentional) torts irrespective of whether the mother may also be liable.
The insurer also argues that the loss is excluded from coverage as “damage either expected or intended from the standpoint of the insured.” This argument is founded on the fact that the taking of the ring from the father’s house was intentional *513 (and the insurer is not liable for any damages from the taking), but it ignores the question of whether the damage was intended. The damage was the loss of the ring, and not its mere taking. It is far more probable than not that the ring would have been returned, and there would have been no damages, had it not been for the child’s losing the ring. And there is no evidence that would reasonably support the inference that the child intended to lose the ring. Thus the damage was not expected or intended by the insured.
Amended in quantum to $15,000; costs of appeal to be divided between plaintiff and Allstate.